# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MELVIN E. SWISHER JR.,<br><br>                        Debtor. | Chapter 7<br><br>Bankruptcy No.: 4:19-bk-03846-RNO |
| SUMMITBRIDGE NATIONAL<br>INVESTMENTS VI LLC,<br><br>            Movant,<br><br>v.<br><br>MELVIN E. SWISHER JR. and FSA/USDA,<br><br>           Respondents. | Related to Doc. No.<br><br>Hearing Date: October 18, 2019, 10:00 a.m.<br>Objection Deadline: October 11, 2019 |

### MOTION OF SUMMITBRIDGE NATIONAL INVESTMENTS VI LLC TO COMPEL ABANDONMENT OF THE DEBTOR'S PROPERTY LOCATED AT 5742 MORELAND BAPTIST ROAD, UNITYVILLE, PENNSYLVANIA

SummitBridge National Investments VI LLC ("SummitBridge") respectfully requests that the Court enter an order compelling abandonment of the Debtor's property located at 5742 Moreland Baptist Road, Unityville, PA 17774 (the "Property") pursuant to 11 U.S.C. § 544(b) because it has no value to the estate.

**I.    BACKGROUND**

#### The Bankruptcy Case

1.    The Debtor commenced this case on September 10, 2019 (the "Petition Date") by filing a petition for relief under chapter 7 of the United States Bankruptcy Code.

## The SummitBridge Mortgage Loan

2.  On or about June 3, 2014, the Debtor obtained a loan (the "Loan") from Susquehanna Bank. SummitBridge is an assignee of the Loan.

3.  True and correct copies of the applicable Loan and assignment documents (the "Loan Documents") are attached as the following exhibits and are incorporated herein by reference:

| Exhibit | Description |
|---|---|
| A | Open-End Mortgage (the "Mortgage") recorded on June 6, 2014 with the Recorder of Deeds of Lycoming County ("Recorder's Office") as Instrument Number 201400006804 at book 8336, page 52 |
| B | Promissory Note dated June 3, 2014 in the original principal amount of $766,000.00 |
| C | Note Modification Agreement dated April 8, 2016 |
| D | Agricultural Loan Agreement dated June 3, 2014 |
| E | Uniform Commercial Code Financing Statements filed with the Pennsylvania Department of State on May 13, 2014 as filing number 2014051507563 and on December 17, 2018 as filing number 2018121700851 |
| F | Assignment of Open-End Mortgage dated December 11, 2018 |
| G | Allonge dated December 11, 2018 |
| H | Bill of Sale and Assignment of Loan Documents dated December 11, 2018 |

4.  The Mortgage and Uniform Commercial Code Financing Statements were recorded as set forth in the previous paragraph.

5.  The Debtor defaulted on his obligations under the Loan Documents by virtue of his failure, *inter alia*, to make the required payments due thereunder. Specifically, the Debtor failed to make the payments due prior to May 14, 2019, and failed to make any of the payments

due thereafter. The failure to make payments when due constitutes a default under the Loan Documents.

6. SummitBridge notified the Debtor of the default and acceleration of the balance of the Loan and demanded payment in full pursuant to a default notice dated May 14, 2019, a true and correct copy of which is attached hereto as **Exhibit I**.

### The Lack of Equity in the Property

7. The Debtor's bankruptcy schedules list the value of the Property and secured claims against the Property as follows:

| | |
|---|---|
| Value of Property[1] | $850,000.00[2] |
| Less: | |
| Secured claim of SummitBridge | ($712,504.56)[3] |
| Secured claim of FSA/USDA | ($267,110.11)[4] |
| Negative equity | ($129,614.67) |

8. As a result, the Debtor's estate lacks any equity in the Property.

## II. RELIEF REQUESTED AND STATUTORY BASIS

9. SummitBridge respectfully requests that the chapter 7 trustee be compelled to abandon the Property. This relief is authorized by section 544(b) of the Bankruptcy Code which authorizes the Court to order the trustee to abandon any property that is of inconsequential value to the estate. 11 U.S.C. § 544(b).

## III. ANALYSIS

### A. The Property should be abandoned pursuant to 11 U.S.C. § 544(b) because it is of inconsequential value to the estate.

---

[1] The $850,000 value is for the full value of the Property. However, the Debtor only owns a half interest in the Property. The Debtor values the half interest as $425,000 [ECF 1, page 10].
[2] ECF 1, page 10
[3] ECF 1, page 22
[4] ECF 1, page 21

3

10. Section 544(b) of the Bankruptcy Code permits an interested party to seek to compel abandonment of property that has inconsequential value to the estate.

11. As noted above, the Property has inconsequential value to the estate because the secured claims exceed the value of the Property.

12. The abandonment remedy is important in this case because the Debtor and other co-owner where attempting to sell the Property prior to the Petition Date in order to work out the indebtedness owed to SummitBridge. If the Property is not abandoned, the trustee could potentially block or delay any sale and interfere with the potential workout sought by the co-owner.

**WHEREFORE**, SummitBridge respectfully requests that the chapter 7 trustee be compelled to abandon the Property. A proposed order is attached to this Motion.

Dated: September 27, 2019   **BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Mark Pfeiffer*
Mark Pfeiffer, Esq.
PA ID No. 76245
50 S. 16th Street
Suite 3200
Philadelphia, PA 19102
Telephone: (215) 665-3921
Fax: (215) 665-8760
Attorneys for SummitBridge National
Investments VI LLC